DECISION
{¶ 1} Plaintiff-appellant, James Harris ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Ohio Adult Parole Authority ("appellee"), to dismiss appellant's action for failure to state a claim upon which relief can be granted.
 {¶ 2} Appellant is currently incarcerated at Grafton Correctional Institution in Ohio, and is serving an indefinite sentence with a max-term of life imprisonment. In May, 1972, appellant was convicted by a jury of murder in the first degree, armed robbery, kidnapping, and abduction as those terms were defined at that time. According to appellant's complaint, he received his first parole hearing in March 1992, and his most recent parole hearing was held on February 19, 2004. At the February 2004 hearing, it was determined that appellant's next parole hearing would be held in July 2012.
 {¶ 3} On September 14, 2004, appellant filed a complaint for declaratory judg-ment asserting that the parole guidelines cannot be applied to him because of the ex post facto prohibition; that although he was recommended for parole, the parole was rescinded after the Office of Victim's Services objected; that his offenses were incorrectly cate-gorized; and that he was not given proper credit at his parole hearings for various programs he completed while incarcerated.
 {¶ 4} Appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). The trial court granted appellee's motion and appellant timely appealed.
 {¶ 5} Appellant raises the following three assignments of error on appeal:
[1.] Whether the Court of Common Pleas erred in dismissing the Appellant's complaint for failure to state a claim upon which relief can be granted.
[2.] Whether the Court of Common Pleas erred by dismissing the Appellant's Complaint for failure to state a claim upon which relief can be granted when the Appellant presented a Prima Facie Claim of a violation of the Separation of Powers Clause of the United States and Ohio Constitutions.
[3.] Whether the Court of Common Pleas erred in ruling that R.C. §2967.13 equates the elements for aggravated murder and first degree murder.
 {¶ 6} Appellate review of a trial court's decision to dismiss a case, pursuant to Civ.R. 12(B)(6), is de novo. Singleton v. Adjutant Gen. ofOhio, Franklin App. No. 02AP-971, 2003-Ohio-1838. In order for a court to dismiss a case, pursuant to Civ.R 12(B)(6), "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Com. Tenants Union (1975),42 Ohio St.2d 242, syllabus. The court must presume all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. Bridges v. Natl. Engineering Contracting Co. (1990), 49 Ohio St.3d 108, 112. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. Springfield Fireworks, Inc. v. Ohio Dept. of Commerce, Franklin App. No. 03AP-330, 2003-Ohio-6940. We will not, however, consider unsupported conclusions that may be included among, but not supported by, the factual allegations of the complaint, because such conclusions cannot be deemed admitted and are not sufficient to withstand a motion to dismiss. Wright v. Ghee, Franklin App. No. 01AP-1459, 2002-Ohio-5487, citing Grange Mutual Casualty Co. v. Klatt (Mar. 18, 1997), Franklin App. No. 96AP-888.
 {¶ 7} Because appellant's first two assignments of error are interrelated, we will address them together. Initially, we note that in his first and second assignments of error, appellant attempts to assert a separation of powers argument; an argument that was not raised in the trial court and/or in appellant's response to appellee's motion to dismiss. It is well settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal. Gentile v. Ristas (2005), 160 Ohio App.3d 765. Thus, appellant's arguments relating to his separation of powers claim are waived.
 {¶ 8} We now turn our attention to the trial court's decision because appellant's first assignment of error also incorporates an allegation of error in the trial court's decision as a whole.
 {¶ 9} A declaratory judgment action is a civil proceeding that provides a remedy in addition to other available remedies. Walker v. Ghee
(Jan. 28, 2002), Franklin App. No. 01AP-960, 2002-Ohio-297, citing Austv. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Aust at 681. The only reasons for dismissing a complaint for declaratory judgment before addressing the merits of the case are: (1) no justiciable issue or actual controversy exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy. Wilburn v. Ohio Dept. of Rehab. Corr.
(Nov. 27, 2001), Franklin App. No. 01AP-198, 2001-Ohio-4047. For purposes of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or right, and a "controversy" exists where there is a genuine dispute between parties with adverse legal interests. Id.
 {¶ 10} However, because parole guidelines are not constitutional provisions or statutes and have not been adopted as rules, the parole guidelines are not subject to the declaratory judgment statute. Festi v.Ohio Adult Parole Authority, Franklin App. No. 04AP-1372, 2005-Ohio-3622 citing Wise v. Ohio Dept. of Rehab. Corr. (1992), 84 Ohio App.3d 11,14. Thus, the trial court was correct in its determination that appellant did not state a claim for declaratory judgment.
 {¶ 11} With respect to appellant's ex post facto claim, it is well settled in Ohio that since an inmate has no constitutional right to parole, a change in parole eligibility does not amount to an ex post facto imposition of punishment. See Wright, supra. See, also, State v.Parsons, Summit App. No. 22200, 2005-Ohio-268, citing State ex rel.Henderson v. Ohio Dept. of Rehab. Corr. (1998), 81 Ohio St.3d 267
(holding that the application of new parole guidelines which would change a defendant's parole eligibility date does not create an ex post facto imposition of punishment). Thus, appellant's complaint does not raise an ex post facto claim.
 {¶ 12} Also contained in appellant's complaint and briefs is appellant's argument that although he was recommended for parole, the parole was rescinded after the Office of Victim's Services objected, and that he was not given proper credit for various programs that he had taken while imprisoned. Both arguments lack merit. Pursuant to R.C.5149.101, participation of the Office of Victim's Services in a full board hearing on proposed parole is authorized if the victim or the victim's representative requests such hearing. Additionally, "the APA possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date without providing a hearing." Hattie v.Anderson (1994), 68 Ohio St.3d 232. Thus, appellant failed to state a claim in relation to the hearing held and the Office of Victim's Services' participation in said hearing.
 {¶ 13} With respect to appellant's claims that he was not given proper consideration for his achievements while in prison, the parole board has broad authority to investigate not only an inmate's participation in institutional programs when determining parole release, but also to investigate an inmate's conduct in the institution, his mental and moral qualities and characteristics, and other enumerated factors in determining when an inmate may become fit to be returned to society. SeeWright, supra. Further, appellant's complaint notes that whether to give a reduction in the time before eligibility, and the weight to be assigned to achievements and programs completed while incarcerated, is clearly a matter of the parole board's discretion. Thus, appellant failed to state a claim in relation to the consideration of his institutional history of participation.
 {¶ 14} For the foregoing reasons, appellant's first and second assignments of error are overruled.
 {¶ 15} In his third assignment of error, appellant argues that the trial court incorrectly determined that he was in the correct offense category. We do not find appellant's position well-taken. Appellant was convicted by a jury of first-degree murder, which as stated by the trial court, is the predecessor and functional equivalent of the current offense of aggravated murder; both of which are the highest degree of homicide offenses under the Ohio Revised Code. Additionally, appellant was convicted of a purposeful killing during the commission of a kidnapping. Under either of these convictions, a category 13 is the correct offense category as demonstrated by the parole guidelines attached to appellant's complaint. Appellant has been placed in an offense category 13 under the parole guidelines. Therefore, we find no merit to appellant's third assignment of error. Accordingly, appellant's third assignment of error is overruled.
 {¶ 16} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.