OPINION
{¶ 1} Appellant, James Harris, appeals from the judgment of the Franklin County Court of Common Pleas granting the motion of appellee, Ohio Adult Parole Authority ("APA"), to dismiss appellant's action for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).
 {¶ 2} Appellant is an inmate at Grafton Correctional Institution, Grafton, Ohio. In May 1972, a jury convicted appellant of first degree murder,[1] robbery, abduction, and kidnapping. Appellant was sentenced to an indefinite term with a maximum of life imprisonment. In 1976, the Ohio Department of Rehabilitation and Corrections interpreted appellant's sentence to be 20 years to life.
 {¶ 3} According to appellant, his first parole hearing was held in March 1992. Because appellant had not yet served the minimum sentence, his hearing was continued. Appellant's case was continued numerous times thereafter until a September 14, 1998 hearing where the APA reassessed appellant's sentence according to its new parole guidelines. Based upon the specifics of appellant's crime, he was placed in offense category 13 and assigned a risk factor of six. Under the new guidelines, appellant was not eligible for parole until he had served a minimum of 360 months (30 years).
 {¶ 4} On March 28, 2002, the APA held another hearing and concluded that appellant was eligible for parole and release on May 7, 2002. However, the APA suspended appellant's release after a petition in opposition to his parole was filed with the Office of Victim Services. Following a full hearing held on July 8, 2002, the APA continued appellant's parole eligibility for ten years due to the "extreme brutality of the offense * * * and [his] involvement in the case." (Complaint, ¶ 25.) The APA subsequently vacated its July 8, 2002 order and scheduled another full parole hearing for February 19, 2004.[2] At that time, the APA continued appellant's parole eligibility until July 2012.
 {¶ 5} On September 14, 2004, appellant filed a complaint for declaratory judgment in case No. 04CVH-09-9589. Appellant alleged that the APA was barred from applying the new parole guidelines ex post facto. Moreover, he contended that the APA erroneously categorized his crimes. Additionally, appellant challenged the APA's suspension of his parole and claimed that he was entitled to credit for programs he completed while imprisoned.
 {¶ 6} On April 18, 2005, the trial court granted the APA's motion to dismiss appellant's complaint for failure to state a claim. This court affirmed the trial court's decision in Harris v. Ohio Adult ParoleAuth., Franklin App. No. 05AP-451, 2005-Ohio-5166 ("Harris I").
 {¶ 7} On November 23, 2005, appellant filed a second complaint asserting the same claims as in his previous complaint and seeking declaratory judgment "to address the continuing deprivation of rights secured by the Ohio and United States Constitutions." (Complaint, ¶ 1.) Appellant again argues that the APA improperly applied the new parole guidelines to his sentence and denied him credit for program completion, thus entitling him to relief pursuant to R.C. 2721.01 and Civ.R. 57.
 {¶ 8} The APA filed a motion to dismiss for failure to state a claim and upon the doctrine of res judicata.[3] On March 21, 2006, the trial court again granted the APA's motion and dismissed appellant's complaint for failure to state a claim.
 {¶ 9} Appellant timely appealed and asserts one assignment of error:
 Whether the Trial Court Erred by Dismissing Appellant's Complaint for Failure to State a Claim upon which Relief can be Granted.
 {¶ 10} Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144;Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. As an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 285.
 {¶ 11} "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Aust v. Ohio State Dental Bd. (2000),136 Ohio App.3d 677, 681. A court may dismiss a complaint for declaratory judgment without addressing the merits if there is no justiciable issue between the parties or a grant of declaratory judgment will not terminate the controversy. Wilburn v. Ohio Dept. of Rehab. Corr.
(2001), Franklin App. No. 01AP-198.
 {¶ 12} R.C. 2721.03 provides for declaratory judgment to determine a legal relation "affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code." In Harris I, this court held that parole guidelines are not subject to the declaratory judgment statute because they are not constitutional provisions, rules or statutes. Id. at ¶ 10, citing Festi v. Ohio Adult Parole Auth., Franklin App. No. 04AP-1372, 2005-Ohio-3622; Wise v. Ohio Dept. of Rehab. Corr. (1992), 84 Ohio App.3d 11, 14. Based upon this court's decision inHarris I and the cases cited therein, we affirm the judgment of the Franklin County Court of Common Pleas dismissing appellant's complaint for failure to state a claim.
Judgment affirmed.
 BRYANT and McGRATH, JJ., concur.
[1] In 1974, the Ohio Revised Code was changed and first degree murder was reclassified as aggravated murder. Under the parole guidelines, "aggravated murder" is defined as "a purposeful killing (A) with prior calculation and design (premeditated murder); or (B) during the commission, attempted commission, or immediate flight from the commission or attempted commission of kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, or escape." (Complaint, exhibit No. X).
[2] The APA vacated its July 8, 2002 decision following the Supreme Court of Ohio's decision in Layne v. Ohio Adult Parole Auth. (2002),97 Ohio St.3d 456.
[3] The trial court did not consider the APA's res judicata argument, ostensibly because the APA failed to properly raise res judicata as an affirmative defense pursuant to Civ.R. 8 and 12(B).