OPINION
{¶ 1} Plaintiff-appellant, Drexell A. Greene ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which granted judgment in favor of defendants-appellees, Ohio Adult Parole Authority ("OAPA"), Cynthia Mausser, Chair of the parole board, and ten parole board members (collectively, "appellees").
 {¶ 2} On March 6, 2008, appellant filed a complaint for declaratory judgment, injunctive relief, and monetary damages. Appellant alleged the following. *Page 2 
 {¶ 3} Appellant is an inmate in the Ohio prison system, having been convicted of murder in 1990 and sentenced to 15 years to life imprisonment. The parole board conducted a review on August 23, 2007, and recommended that appellant be released on or after October 23, 2007. On September 21, 2007, however, appellee Mausser issued a "STOP RELEASE" order, which suspended appellant's release.
 {¶ 4} On November 14, 2007, the board issued a new decision and denied release. The board's decision referred to R.C. 5149.101, which provides that a family member of a murder victim may request a full board hearing prior to an offender's release. R.C. 5149.101 did not become effective until 1996, six years after appellant's conviction.
 {¶ 5} According to appellant, by applying current parole-related standards, appellees applied laws to him retroactively and violated the ex post facto clause of the Ohio and United States Constitutions. For relief, appellant sought the following: (1) an award of damages in the amount of $667,448, which includes $158,400 in lost wages and $109,048.72 in lost property (a home, car, furniture, and clothes) appellant's sister had purchased in anticipation of his return; (2) a declaration that appellees' actions are illegal and violate appellant's constitutional rights; (3) injunctions against future unconstitutional conduct by appellees; (4) attorney fees and costs; and (5) interest.
 {¶ 6} On April 15, 2008, OAPA filed a motion for judgment on the pleadings pursuant to Civ. R. 12(C). In it, OAPA argued that (1) appellant failed to state a claim on which the court could grant relief, (2) the court lacked subject-matter jurisdiction, and (3) appellant had not complied with statutory filing requirements. *Page 3 
 {¶ 7} On June 4, 2008, the trial court issued a decision granting appellees' motion and granted judgment in favor of appellees. Relying onHarris v. Ohio Adult Parole Auth., Franklin App. No. 05AP-451,2005-Ohio-5166, the court concluded that appellees did not apply parole-related laws to appellant unlawfully. And, finding that appellant had no right to be released before the expiration of his entire sentence, the court rejected appellant's claim that the board's rescission of its initial decision was unconstitutional as applied to appellant.
 {¶ 8} Appellant filed a timely appeal, and he raises the following assignments of error:
 ASSIGNMENT OF ERROR NO. I:
 THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT MISCONSTRUED THE FACTS IN THE COMPLAINT.
 ASSIGNMENT OF ERROR NO. II:
 THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT MISCONSTRUED THE CLAIMS IN THE COMPLAINT.
 ASSIGNMENT OF ERROR NO. III:
 THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT MISAPPLIED THE LAW TO HIS COMPLAINT.
 {¶ 9} The purpose of a Civ. R. 12(C) motion for judgment on the pleadings is to resolve questions of law. State ex rel. Montgomery v.Purchase Plus Buyer's Group, Inc., Franklin App. No. 01AP-1073, 2002-Ohio-2014, citing State ex rel. Midwest Pride IV, Inc. v.Pontious, 75 Ohio St.3d 565, 570, 1996-Ohio-459. In ruling on the motion, the court may consider both the complaint and answer, but must construe all of the *Page 4 
material allegations as true and draw all reasonable inferences in favor of the nonmoving party. Id.; Whaley v. Franklin Cty. Bd. ofCommrs., 92 Ohio St.3d 574, 581, 2001-Ohio-1287. In order to grant the motion, the court must find beyond doubt that the nonmoving party can prove no set of facts that would entitle him or her to relief.McLeland v. First Energy, Summit App. No. 22582, 2005-Ohio-4940, ¶ 6. Our review of a decision on a Civ. R. 12(C) motion is de novo.Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807.
 {¶ 10} In his first assignment of error, appellant asserts that he suffered prejudice because the trial court misconstrued the facts in his complaint. Specifically, he argues that the trial court incorrectly stated that appellant "asks the Court to declare that he be released from prison and awarded monetary compensation." From our reading of the complaint, we must conclude that appellant did not ask expressly for a declaration that he be released from prison. Instead, appellant asked for a declaration that his constitutional rights had been violated. We conclude, however, that appellant suffered no prejudice from this error. Therefore, we overrule appellant's first assignment of error.
 {¶ 11} In his second assignment of error, appellant asserts that the trial court misconstrued the claims in his complaint. In his third assignment, appellant asserts that the trial court erred by misapplying the law to his complaint. We address these assignments together.
 {¶ 12} The trial court relied on this court's opinion inHarris, supra. In that case, this court held that parole guidelines are not subject to the declaratory judgment statute. Therefore, a claim for a declaration concerning those guidelines does not state a claim for relief. This court also rejected an ex post facto claim and held that a change in *Page 5 
parole eligibility does not amount to an ex post facto imposition of punishment. Finally, this court rejected an inmate's claim that a rescission of the parole board's parole recommendation was unlawful.
 {¶ 13} Appellant argues that his case is distinguishable fromHarris because his complaint does not challenge paroleguidelines. Instead, he argues, his complaint challenges the retroactive application of parole-related statutes. We refer appellant to paragraph 29 of his complaint, in which he expressly challenges appellees' "new parole policies and practices," and to paragraph 32, in which he challenges appellees' "violent offender policies." While appellant did not use the term "guidelines," we conclude that Harris adequately supports the trial court's conclusion that appellant was not entitled to declaratory relief on these grounds.
 {¶ 14} Next, we consider appellant's argument that appellees' retroactive application of R.C. 5149.101 and related notice provisions violates the constitutional prohibition against ex post facto laws. The ex post facto clause of the United States Constitution prohibits states from enacting laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood
(1990), 497 U.S. 37, 43. It does not forbid every "legislative change that has any conceivable risk of affecting a prisoner's punishment."California Dept. of Corr. v. Morales (1995), 514 U.S. 499, 508. Instead, to determine whether a law is prohibited, we ask whether the change "produce[d] a sufficient risk of increasing the measure of punishment attached to the covered crimes." Id. at 509.
 {¶ 15} In Clumm v. Warden, Chillicothe Correctional Inst. (S.D.Ohio Sept. 18, 2008), Case No. 2:08-cv-365, the court held that the ex post facto clause did not *Page 6 
preclude the retroactive application of R.C. 5149.101 and related provisions. "Notwithstanding the notice and hearing requirement created by the statute, the Ohio Parole Board retains its full discretion regarding its parole decisions." Id. "`[A] law that is merely procedural and does not increase a prisoner's punishment cannot violate the Ex Post Facto Clause even when applied retrospectively.'" Id., quotingPartridge v. Davis (E.D.Mich. Sept. 30, 2007), Case No. 05-74616, citingBarna v. Travis (C.A.2, 2001), 239 F.3d 169, 171. We agree.
 {¶ 16} As enacted in 1996, R.C. 5149.101 authorized a parole board hearing officer, a board member, and the office of victims' services to petition the board for a full hearing concerning the parole of a prisoner. A majority of the board had to then determine whether a full board hearing should be held. At a full board hearing, the prosecuting attorney, the judge who imposed the original sentence, and the victim or the victim's representative could appear and give testimony or submit written statements.
 {¶ 17} As amended in 2005, and currently effective, R.C. 5149.101
gives certain crime victims, their families, and their representatives the ability to request a full parole board hearing concerning the proposed parole or re-parole of the person who committed the crime. Upon receipt of such a request, "the board shall hold a full board hearing." R.C. 5149.101(A)(2). At that hearing, these individuals, as well as the prosecuting attorney, law enforcement officials, and the judge who imposed the original sentence, may also give testimony or submit written statements. R.C. 5149.101(B).
 {¶ 18} Appellant's brief also refers generally to provisions within R.C. Chapter 2930 and refers specifically to R.C. 2930.02. R.C. Chapter 2930 sets forth various rights of victims in criminal proceedings, including the right to receive certain notices. *Page 7 
Important for our purposes, R.C. 2967.12 requires the OAPA to notify multiple offices and individuals — including a murder victim's family member or representative — of the pendency of parole and the opportunity to request a full parole board hearing.
 {¶ 19} While many of these provisions became effective after appellant's conviction, they had no substantive impact on appellant's sentence or his eligibility for parole. And, while these amendments may cause the parole board to hold more hearings, the parole board retains full discretion to determine appellant's eligibility for parole.
 {¶ 20} The ex post facto clause does not prohibit the retroactive application of procedural laws that do not impact an individual's punishment, and all of these provisions meet that definition. Therefore, like the court in Clumm, we conclude that the ex post facto clause does not prohibit the retroactive application of R.C. 5149.101 and related notice provisions. Therefore, the trial court properly dismissed these claims.
 {¶ 21} Finally, appellant argues that the trial court erred by failing to consider whether the General Assembly intended R.C. 5149.101 and related statutes to apply retroactively to appellant, and whether they are unconstitutional retroactive laws under Section 28, Article II of the Ohio Constitution. The trial court did not address this issue directly, but we conclude that appellant suffered no prejudice because relief cannot be granted on this claim.
 {¶ 22} Section 28, Article II of the Ohio Constitution, the retroactivity clause, prohibits the General Assembly from passing retroactive laws. Ohio courts have interpreted this clause to preclude only those laws that remove or impair vested rights acquired under existing laws, or that create a new obligation, impose a new duty or *Page 8 
attach a new disability regarding past transactions. State v.Williams, 103 Ohio St.3d 112, 2004-Ohio-4747, ¶ 7, quoting Van Fossen v.Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 106; Bielat v.Bielat, 87 Ohio St.3d 350, 354, 2000-Ohio-451. To analyze a claim of unconstitutional retroactivity, we must first determine whether the General Assembly made the statute retrospective expressly. State v.Ferguson, Slip Opinion No. 2008-Ohio-4824, ¶ 13, citing State v.Consilio, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 10. If we conclude that such an expression exists, we must then determine whether the statute is remedial or restricts a substantive right. Id. A statute is unconstitutional in this context only if it restricts a substantive right. Id.
 {¶ 23} Here, we consider R.C. 2967.12, which requires the OAPA to notify crime victims that a parole hearing is imminent and to inform them of certain rights, including their right to request a full hearing. See R.C. 2967.12(B). In 2003, the General Assembly changed this provision to require notice "[i]f the person being considered for parole was convicted of or pleaded guilty to violating section 2903.01 or2903.02 of the Revised Code." See 2003 Ohio H.B. No. 375. This provision clearly applies retrospectively to persons, like appellant, who had already been convicted of or pleaded guilty to murder under R.C. 2903.02
and became eligible for parole after the new provision became effective.
 {¶ 24} Having concluded that the General Assembly intended R.C. 2967.12(B) to apply retrospectively, we consider whether the law is substantive or remedial. In general, remedial laws are "those that simply provide `a rule of practice, a course of procedure or a method of review.'" Consilio, ¶ 35, quoting Miami Cty. v. Dayton (1915), *Page 9 92 Ohio St. 215, 219. The notice provisions at issue here fall within this definition, as they are purely procedural.
 {¶ 25} Moreover, the Supreme Court of Ohio has stated that a legislative act does not "burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration, if it did not create a vested right, created at least a reasonable expectation of finality." State ex rel.Matz v. Brown (1988), 37 Ohio St.3d 279, 281-282. In Matz, the court held that the completion of a tax year is a transaction that creates an expectation of finality, but "the commission of a felony is not. Except with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation." Id.
 {¶ 26} At the time of his conviction in 1990, appellant had no constitutional right to parole before his sentence expired, let alone a right to parole under certain procedural circumstances. Greenholtz v.Inmates of the Nebraska Penal Correctional Complex (1979), 442 U.S. 1,7 (stating, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Nor does such a right arise from Ohio law. State exrel. Seikbert v. Wilkinson, 69 Ohio St.3d 489, 490, 1994-Ohio-39 ("In other words, Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment").
 {¶ 27} For all these reasons, we conclude that appellant's retroactivity claim is not a claim upon which relief could be granted in his favor. Having rejected appellant's other constitutional claims, we overrule his second and third assignments of error. *Page 10 
 {¶ 28} In conclusion, we overrule appellant's first, second, and third assignments of error. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 TYACK and BROGAN, JJ., concur.
BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1