[Cite as *Russell v. Warden, Lebanon Corr. Inst.*, 2018-Ohio-3011.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CHRISTOPHER M. RUSSELL, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2017-12-176 |
| | : | O P I N I O N |
| - vs - | | 7/30/2018 |
| | : | |
| WARDEN, LEBANON CORRECTIONAL | : | |
| INSTITUTION, | | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17 CV 90106

Christopher M. Russell, #A646718, North Central Correctional, P.O. Box 1812, Marion, Ohio 43302, plaintiff-appellant, pro se

Michael DeWine, Ohio Attorney General, Jared S. Yee, 30 East Broad Street, Columbus, Ohio 43215, for defendant-appellee

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Christopher Russell, appeals the decision of the Warren County Court of Common Pleas dismissing his complaint for failure to state a claim under Civ. R. 12(B)(6). For the reasons detailed below, we affirm.

{¶ 2} In 2011, Russell was convicted, after a jury trial, of rape, gross sexual

imposition, pandering obscenity involving a minor, and sexual battery, and sentenced to consecutive prison terms totaling 75 years. Russell's conviction was affirmed on appeal. *State v. Russell*, 2d Dist. Clark No. 2011-CA-10, 2012-Ohio-4316. Russell did not appeal to the Ohio Supreme Court.

{¶ 3} Since that time, Russell has appealed various matters in federal and state courts. *Russell v. Turner*, 6th Cir. No. 16-3415, 2016 U.S. App. LEXIS 23620 (Oct. 28, 2016); *Russell v. Warden N. Cent. Corr. Inst.*, 6th Cir. No. 17-3251, 2017 U.S. App. LEXIS 18058 (July 31, 2017); *State v. Russell*, 2d Dist. Clark No. 2016-CA-48, 2017-Ohio-7198.[1]

{¶ 4} On August 7, 2017, Russell filed a complaint styled as a "Motion for Declaratory Judgment" with the Warren County Court of Common Pleas. Russell named the Warden of the Lebanon Correctional Institution (LCI) as the defendant and alleged that LCI's library policy caused him harm "by operating in a matter inconsistent with the required lawful and meaningful access to courts codified in State policy and Constitutional principles."

{¶ 5} Russell's complaint alleged that LCI's library policy, which he describes as a "closed service with passes issued mainly once-per-month for one shift (3 to 4 hours)," bars his access to the courts and harms his efforts to overturn his conviction. As a result, Russell seeks declaratory judgment regarding the constitutionality of the library's operation.

{¶ 6} LCI moved for dismissal under Civ.R. 12(B)(6). The trial court granted LCI's motion to dismiss after concluding that Russell failed to state a claim upon which relief may be granted.[2] Russell now appeals, raising four assignments of error for review.

{¶ 7} Assignment of Error No. 1:

---

1. The cases cited are a mere sampling of Russell's actions, as he alleges that he has filed 14 civil cases in the previous five years.

2. Though Russell claims otherwise, the trial court addressed his claims on the merits and reference to the statute of limitations was a superfluous reference to other federal claims.

- 2 -

{¶ 8}  THE TRIAL COURT CONSTRUED THE ACTION UNDER 42 U.S.C. SECTION 1983 INSTEAD OF O.R.C. SECTION 2721.

{¶ 9}  Assignment of Error No. 2:

{¶ 10}  TRIAL COURT IMPROPERLY DISMISSED THE ISSUE UNDER O.R.C. SECTION 2721 USING CIV. R. 12(B)(6).

{¶ 11}  Assignment of Error No. 3:

{¶ 12}  TRIAL COURT MADE NO EFFORT TO UNERSTAND [sic] THE RIGHTS OF A PRISONER UNDER BOUNDS V. SMITH AND MISUSED STATE V. DAY.

{¶ 13}  Assignment of Error No. 4:

{¶ 14}  TRIAL COURT USED THE INCORRECT STATUTE TO DETERMINE THE STATUTE OF LIMITATIONS.

{¶ 15}  Russell's four assignments of error will be addressed together.  Russell argues the trial court erred by dismissing his complaint for failure to state a claim under Civ. R. 12(B)(6).  There is no merit to Russell's argument.

{¶ 16}  Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 11.  In order to prevail on a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief." *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9.  In ruling on a motion pursuant to Civ.R. 12(B)(6), a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.).

{¶ 17} "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." *Harris v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 06AP-374, 2007-Ohio-142, ¶ 11. A court may dismiss a complaint for declaratory judgment without addressing the merits if there is no justiciable issue between the parties or a grant of declaratory judgment will not terminate the controversy. *Id.*

{¶ 18} In this case, Russell filed a complaint against the Warden of LCI, alleging that he was deprived of effective use of the prison library in violation of his constitutional rights. Citing *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491 (1977), Russell claims that the limitation on his use of the prison library violated his constitutional rights and therefore caused an 11-month delay in the filing of his criminal appeal. However, contrary to Russell's suggestion otherwise, "*Bounds* did not hold that there is a right of access to a law library; it held that there is a right of access to the courts." *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 92-93 (1994); *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174 (*Bounds* "did not create an abstract, freestanding right to a law library or legal assistance").

{¶ 19} Following review, we find the trial court appropriately dismissed Russell's complaint. In order for a justiciable question to exist, "[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote." *Schreyer v. Preble Cty. Bd. of Commrs.*, 12th Dist. Preble No. CA2012-12-018, 2013-Ohio-3087, ¶ 13, citing *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 9.

{¶ 20} In his brief before this court, Russell admits that he is no longer an inmate at LCI and therefore any relief would be prospective and based on speculation that he would be returned to LCI. Accordingly, Russell's complaint for declaratory judgment is moot. *Id.*

("actions become moot when resolution of the issues presented is purely academic and will have no practical effect on the legal relations between the parties").

**{¶ 21}** Furthermore, we agree with the trial court's resolution of this matter. Russell can prove no set of facts entitling him to relief. *See Lewis v. Ohio Dept. of Rehab. & Correction*, 10th Dist. Franklin No. 93AP-1033, 1993 Ohio App. LEXIS 6031 (Dec. 16, 1993). As correctly noted by the trial court, Russell admits to having access to LCI's prison library at the time of his incarceration. Though Russell, an incarcerated inmate, may have wished to spend a longer amount of time in the prison library, he was not constitutionally entitled to unrestricted access of the library. *See State v. Day*, 72 Ohio App.3d 82, 86 (4th Dist.1991) (defendant was not denied meaningful access to research material). As a result, Russell's four assignments of error are overruled.

**{¶ 22}** Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.