[Cite as *State ex rel. Dodson v. Held Phipps*, 2023-Ohio-3639.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ricardo Dodson, | : | |
| Relator, | : | |
| v. | : | No. 22AP-304 |
| Karen Held Phipps, Judge et al. | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on October 5, 2023

**On brief:** *Ricardo Dodson*, pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Brandon Coy Hendrix,* for respondents Judge Karen Held Phipps and Magistrate Bosques Milliken.

**On brief:** *Dave Yost,* Attorney General, and *John H. Bates,* for respondent Ohio Adult Parole Authority.

IN MANDAMUS AND PROCEDENDO ON OBJECTIONS TO MAGISTRATE'S DECISION

BEATTY BLUNT, P.J.

{¶ 1} On May 24, 2022, relator, Ricardo Dodson, filed this original action requesting that this court issue a writ of mandamus and procedendo to the Honorable Judge Karen Held Phipps, the Honorable Magistrate Bosques Milliken, and the Ohio Adult Parole Authority ("OAPA"). Dodson's complaint requested this court to compel Judge Held Phipps to issue a ruling on his delayed motion for leave to file a motion for new trial from

his criminal convictions in Franklin C.P. No. 90CR-5725, to compel Magistrate Bosques Milliken to rule upon his motion to amend a judgment related to the paternity/child support case Franklin C.P. No. 92DP-11576, and to compel the Ohio Department of Rehabilitation and Correction to correct his parole records and grant him a new parole hearing at which he would be given meaningful consideration for release.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On June 13, 2022, Judge Held Phipps and Magistrate Bosques Milliken filed a motion to dismiss the complaint, observing that Judge Held Phipps had denied Dodson's motion for leave to file a motion for new trial on June 9, 2022, and that Magistrate Bosques Milliken had denied Dodson's motion to amend the judgment on June 5, 2022. On June 22, 2022, Dodson filed a motion for leave to amend his complaint to add two new claims as to the OAPA only. On August 11, 2022, the OAPA filed a motion to dismiss or in the alternative for judgment on the pleadings, arguing that Dodson's claims against it had already been finally litigated in cases Dodson had previously pursued.

{¶ 3} On November 30, 2022, the magistrate issued a decision recommending that this court grant the motion to dismiss filed by Judge Held Phipps and Magistrate Bosques Milliken and granted the OAPA's motion to dismiss in part, but denied the motion insofar as it related to the two new claims Dodson set forth in his June 22 motion. (*See* Nov. 22, 2022 Mag.'s Decision at 15, attached hereto as Appendix A.) Dodson filed objections to this decision on December 20, 2022, and the OAPA filed a motion for summary judgment on the remaining claims on January 19, 2023. The magistrate stayed further proceedings until the summary judgment motion was decided, and on April 19, 2023, the magistrate issued a decision recommending that this court grant the OAPA's motion for summary judgment, thereby dismissing the remaining portions of the case. (*See* Apr. 19, 2023 Mag.'s Decision at 13, attached hereto as Appendix B.) Dodson filed objections to this decision on May 18, 2023, and both those objections and his December 20, 2022 objections are now before this court for decision.

{¶ 4} In order for the court to issue a writ of mandamus, a relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *See generally*

*State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A writ of mandamus will issue only to compel the performance of a clear legal duty or where a clear legal right to the remedy has been shown, and it will not lie to control the discretion confided in an officer, commission, or inferior tribunal, unless it clearly appears that such discretion has been abused. *State ex rel. Breno v. Indus. Comm.*, 34 Ohio St.2d 227, 230 (1973).

{¶ 5} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula,* 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake,* 70 Ohio St.3d 104, 110 (1994). But under Ohio law, procedendo will not lie to compel an act that has already been performed. *See, e.g., State ex rel. Lester v. Pepple,* 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1.

{¶ 6} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost,* 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242 (1975). The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin,* 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. The court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18, and *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 7} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A court

considering a motion under Civ.R. 12(C) must construe the material allegations in the complaint and all reasonable inferences to be drawn by the same in favor of the nonmoving party as true. *Ohio Mfrs.' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, ¶ 10.

**{¶ 8}** Additionally, summary judgment procedure applies to an action in mandamus. *State ex rel. Wilson v. Preston*, 173 Ohio St. 203 (1962), paragraph three of the syllabus. Under Civ.R. 56(B), a defending party may move with or without supporting affidavits for summary judgment in the party's favor as to all or any part of the claim, and summary judgment is appropriate when the movant demonstrates that, when he evidence is viewed most strongly in his favor of the nonmoving party, there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can only come to a conclusion adverse to the nonmoving party. *State ex rel. Nelson v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-940, 2010-Ohio-4994, ¶ 21. And in a mandamus action against the OAPA, summary judgment in favor of the OAPA is proper where the undisputed evidence, viewed strongly in the relator's favor, fails to meet the standard for mandamus as a matter of law. *State ex rel. Foster v. Ohio State Adult Parole Auth.*, 10th Dist. No. 91AP-1109, 1992 Ohio App. LEXIS 4065 (Aug. 6, 1992).

**{¶ 9}** Dodson's specific objections are numerous and often difficult to parse, but in general, as to Judge Held Phipps, he asserts that she had a duty to rule upon—and to grant—his motion for leave for new trial and verdict to "amend" his judgment entry of conviction for the offense of kidnapping and to "journalize" the jury's alleged finding that the victim of the crime had been released unharmed. As to the OAPA, Dodson asserts that he has been repeatedly denied meaningful consideration for release on parole, specifically by the OAPA's actions in considering "sentencing parity" under S.B. 2 in determining the appropriate length of a term of an incarceration, and in using the Ohio Risk Assessment System ("ORAS") to evaluate his suitability for release on parole. Dodson has not specifically objected to the magistrate's recommendation to dismiss his complaint as to Magistrate Bosques Milliken.

**{¶ 10}** As to Magistrate Bosques Milliken and Judge Held Phipps, we agree with the conclusions set forth in the November 22, 2022 magistrate's decision. Judge Held Phipps has already ruled upon and denied Dodson's motion for leave to for new trial, and Dodson

has in fact already appealed that decision to this court. *See State v. Dodson*, 10th Dist. No. 22AP-388, 2023-Ohio-701. As noted above, procedendo cannot lie to compel an act that has already been performed, and Dodson has not shown either that he has a clear legal right to any other relief he demands or that Judge Held Phipps has a clear legal duty to grant any such relief. Similarly, Dodson has not specifically alleged error by this court's magistrate in dismissing his petition as to Magistrate Bosques Milliken and indeed cannot demonstrate any error, as she has already performed the act his petition demanded.

{¶ 11} We also agree with the conclusions set forth in the April 19, 2023 magistrate's decision. Despite Dodson's contentions, the undisputed evidence before the magistrate conclusively demonstrates that the OAPA acted within its discretion in denying him parole, and does not suggest that he was denied meaningful consideration for parole in any way. *Compare, e.g., State ex rel. Semenchuk v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-361, 2019-Ohio-4641, ¶ 14-21 (holding that R.C. 2967.03 vests discretion in the parole board whether to grant parole when statutorily authorized and that the parole board "must consider available ORAS information in its evaluation of whether to parole an inmate") and *State v. Caslin*, 10th Dist. No. 98AP-463, 1998 Ohio App. LEXIS 4689, *5 (Sept. 29, 1998) (holding that S.B. 2 does not unconstitutionally affect parole hearings, as "there is no constitutional, statutory, or inherent right to parole," and "[t]here is no change to appellant's imposed sentence * * * merely [a] change in APA consideration of appellant's parole eligibility").

{¶ 12} For the foregoing reasons, we overrule Dodson's objections to the magistrate's decisions in this case and adopt those decisions as our own, including the findings of fact and the conclusions of law set forth in each decision. Dodson has failed to demonstrate that he is entitled to extraordinary relief, and in accordance with the magistrate's decisions, the motion to dismiss of Judge Held Phipps and Magistrate Milliken are granted, the motion for summary judgment of OAPA is granted, and the requested writs are denied.

> *Objections overruled;*
> *Writ of mandamus and*
> *procedendo denied.*

DORRIAN and JAMISON, JJ., concur.

———————————

## APPENDIX A

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ricardo Dodson, | : | |
| Relator, | : | |
| v. | : | No.  22AP-304 |
| Karen Held Phipps, Judge et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on November 30, 2022

---

*Ricardo Dodson,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Brandon Coy Hendrix,* for respondents Judge Karen Held Phipps and Bosques Milliken.

*Dave Yost,* Attorney General, and *John H. Bates,* for respondent Ohio Adult Parole Authority.

---

### IN MANDAMUS/PROCEDENDO
### ON MOTIONS

{¶ 13} Relator, Ricardo Dodson, has filed this original action seeking a writ of mandamus/procedendo, naming the Honorable Judge Karen Held Phipps ("Judge Held Phipps") The Honorable Magistrate Bosques Milliken ("Magistrate Milliken"), and the Ohio Adult Parole Authority ("OAPA") as respondents. Relator seeks an order from this court ordering Judge Held Phipps: (1) to render a judgment and/or make a ruling on

relator's September 1, 2021, motion for leave to file delayed motion for new trial that was filed in *State v. Dodson*, Franklin C.P. No. 90CR-5725 ("*Dodson I*"); (2) to record and journalize the jury verdict, pursuant to R.C. 2945.78, rendered in *Dodson I and State v. Dodson*, Franklin C.P. No. 90CR-5678B ("*Dodson II*"), that found relator not guilty of the greater first-degree kidnapping offense based on the jury finding relator did release the victim in a safe place unharmed, but guilty on the lesser second-degree kidnapping offense; (3) to comply with the notice/service requirement contained in Civ.R. 58(B), with regard to the decisions rendered on all pending motions related to relator's September 1, 2021, motion for leave to file delayed motion for new trial; and (4) to pay the filing fees and other additional costs associated with the filing of these pleadings.

{¶ 14} Relator seeks an order from this court ordering Magistrate Milliken: (1) to render a judgment and/or make a ruling on relator's pending August 27, 2021, motion to amend the December 18, 1992, judgment-order, filed in *Mills v. Stuckey*, Franklin C.P. No. 92DP-12-11576 ("*Mills*"); and (2) to compel Magistrate Milliken to comply with the notice requirement contained in Civ.R. 58(B), with regard to the decisions rendered on all pending motions relating to the August 27, 2021, motion to amend the December 18, 1992, judgment-order, filed in *Mills*.

{¶ 15} Relator seeks an order from this court ordering OAPA to provide a meaningful parole hearing by: (1) correcting and removing inaccurate information in his parole records that was considered when determining his eligibility for parole and used to deny parole; (2) excluding the inaccurate information in a new parole hearing; and (3) an order compelling OAPA to pay the costs in this action. In an amended complaint, relator added the following additional claims against the OAPA: (1) the OAPA denied relator meaningful consideration for parole when it improperly utilized and applied the Ohio Risk Assessment System instrument in determining suitability for parole; and (2) the OAPA denied relator a fair and meaningful consideration for parole during the May 17, 2021, hearing, when it considered Senate Bill No. 2 ("S.B. 2") consecutive sentencing parity pursuant to R.C. 2971.01 and retroactively applied the equivalent sentence range under S.B. 2's R.C. 2971.03 in violation of the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 16} Respondents have filed motions to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 17} Relator has also filed several other motions, described below, that this decision disposes of.

Findings of Fact:

{¶ 18} 1. Relator is a prisoner who was incarcerated at Southeastern Correctional Institution in Lancaster, Ohio, at the time he filed this mandamus/procedendo action.

{¶ 19} 2. Judge Held Phipps is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio, and presides over *Dodson I* and *II*.

{¶ 20} 3. Magistrate Milliken is a public official serving as a magistrate in the Franklin County Court of Common Pleas, Ohio, and presides over *Mills*.

{¶ 21} 4. OAPA is a governmental agency responsible for, among other things, the release of criminal offenders from prison.

{¶ 22} 5. As noted in the conclusions of law below, the magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. The present case involves a multitude of court cases involving relator encompassing over 30 years of litigation, including an extraordinary number of post-conviction motions, trial court decisions, and appellate decisions, both state and federal. Unless otherwise noted as being sourced from relator's current complaint for writ of mandamus/procedendo, the following relevant facts are culled from the various pleadings, orders, and decisions filed in all the related trial court and appellate cases over the past 30 years, all readily available via internet sources.

{¶ 23} 6. In his complaint, relator alleges the following. In *Dodson I*, he was indicted on one count of first-degree rape, and one count of first-degree kidnapping. A jury returned a not-guilty verdict on the greater first-degree kidnapping count but guilty of the lesser second-degree kidnapping offense, where the jury found he released the victim in a safe place unharmed. The jury found him guilty of one count of rape. The trial court issued a sentencing entry on September 9, 1991, but the entry did not mention the not-guilty verdict on the first-degree kidnapping count and did not provide the fact regarding the second-degree kidnapping conviction for which he was not indicted. After sentencing, relator appealed, and this court affirmed the conviction and sentencing in *State v. Dodson*, 10th Dist. No. 91AP-498 (Oct. 31, 1991).

{¶ 24} 7. In his complaint, relator alleges the following. In *Dodson II*, on September 7, 1990, a Franklin County grand jury indicted relator on three first-degree counts of rape, one count of second-degree rape, and one count of first-degree kidnapping. On March 18, 1991, a jury returned a not-guilty verdict on the greater first-degree kidnapping count where the jury found he did release the victim in a safe place unharmed. However, the jury did find him guilty of second-degree kidnapping and guilty on all remaining counts. The trial court issued a sentencing entry on September 9, 1991, in which the court failed to mention the not-guilty verdict rendered on the first-degree kidnapping conviction for which he was not indicted.

{¶ 25} 8. In his complaint, relator alleges he has appeared before the Ohio Parole Board eight times and was denied parole on each occasion.

{¶ 26} 9. In *Mills*, relator filed an August 27, 2021, motion to amend a December 18, 1992, judgment-order. However, at the time of relator's filing of this mandamus action, Magistrate Milliken had not ruled on the motion.

{¶ 27} 10. In *Dodson I*, on September 1, 2021, relator filed a motion for leave to file a delayed new trial motion based on newly discover evidence. However, at the time of relator's filing of this mandamus action, Judge Held Phipps had not ruled on the motion.

{¶ 28} 11. In his complaint, relator seeks an order from this court compelling the OAPA to provide a meaningful parole hearing by: (1) correcting and removing inaccurate information in his parole records that were considered when determining his eligibility for parole and used to deny parole pursuant to *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270 (including the parole board information and decision sheet; the decision and minutes sheet, which inaccurately indicates that the victim was not released in a safe place unharmed and that she escaped with injuries where the jury verdict found that relator did release the victim in a safe place unharmed; and the decision and minutes sheet during the parole hearings that inaccurately fail to note that relator had engaged in risk relevant programming); and (2) excluding the inaccurate information in a new parole hearing. Relator also requests that OAPA pay the costs associated with this action.

{¶ 29} 12. In his complaint, relator alleges the following. In *Mills*, after a hearing before Magistrate Milliken on relator's August 27, 2021, motion to amend the December 18,

1992, judgment-order, the magistrate stated several rulings on the record but never journalized the rulings.

{¶ 30} 13. On April 12, 2022, relator filed motions in both *Dodson I* and *II* requesting, pursuant to R.C. 2945.78, that the court record and journalize the kidnapping jury verdicts that found him not guilty of first-degree kidnapping counts based on a jury finding that he released the victim in a safe place unharmed.

{¶ 31} 14. On April 19, 2022, the trial court denied relator's April 12, 2022, motions in both cases. Relator filed two notices of appeal in this court, and we consolidated the appeals.

{¶ 32} 15. On May 26, 2022, in *State v. Dodson*, 10th Dist. No. 22AP-297, and *State v. Dodson*, 10th Dist. No. 22AP-299, this court dismissed relator's April 19, 2022, appeals as being untimely filed. Relator filed applications for reconsideration, which this court denied.

{¶ 33} 16. On May 24, 2022, relator filed the current complaint in mandamus/procedendo with this court.

{¶ 34} 17. On June 5, 2022, Magistrate Milliken denied relator's motion to amend the judgment order in *Mills*.

{¶ 35} 18. On June 9, 2022, Judge Held Phipps denied relator's motion for leave to file a delayed motion for new trial in *Dodson I*.

{¶ 36} 19. On June 13, 2022, Judge Held Phipps and Magistrate Milliken filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), based on the following grounds: (1) relator is seeking to compel Judge Held Phipps to rule on relator's leave to file a delayed motion for new trial in *Dodson I*; however, Judge Held Phipps denied relator's motion on June 9, 2022; and (2) relator is seeking to compel Magistrate Milliken to rule on his motion to amend the judgment order in *Mills*; however, Magistrate Milliken denied relator's motion on June 5, 2022.

{¶ 37} 20. On June 22, 2022, relator filed a motion for leave to amend his complaint to include the following two new claims solely against the OAPA: (1) the OAPA denied relator meaningful consideration for parole when it improperly utilized and applied the Ohio Risk Assessment System instrument in determining suitability for parole; and (2) the OAPA denied relator fair and meaningful consideration for parole during the May 17, 2021,

hearing, when it considered S.B. 2 consecutive sentencing parity pursuant to R.C. 2971.01 and retroactively applied the equivalent sentence range under S.B. 2's R.C. 2971.03 in violation of the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 38} 21. On July 14, 2022, relator filed a motion for emergency order directing Judge Held Phipps to refrain from directing the office of the clerk to refuse to file relator's legal documents properly delivered to the clerk's office via registered certified mail.

{¶ 39} 22. On July 29, 2022, relator filed a motion for default judgment against Judge Held Phipps for failure to timely plead, answer, or otherwise defend the claim raised in the complaint requesting that the jury verdict that found he did release the victim in a safe place unharmed be recorded and journalized or, in the alternative, motion to strike Judge Held Phipps's motion to dismiss because she failed to plead, answer, or otherwise defend the claim requesting to compel Judge Held Phipps to record and journalize the jury verdict.

{¶ 40} 23. On August 9, 2022, relator filed a motion to strike the OAPA's affirmative defenses and motion to strike several answers to the complaint.

{¶ 41} 24. Also on August 9, 2022, relator filed a motion for sanctions and objections against the OAPA.

{¶ 42} 25. On August 11, 2022, the OAPA filed a motion to dismiss or, in the alternative, judgment on the pleadings. The OAPA argued that relator's complaint should be dismissed because relator is barred by res judicata and collateral estoppel from raising the issue of meaningful consideration in his 2018 and 2021 parole hearings because this issue has already been litigated and decided in *State ex rel. Dodson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 21AP-448, 2022-Ohio-2552; and *Dodson v. Mohr*, S.D.Ohio No. 2:18-cv-908 (July 26, 2021), affirmed in *Ricardo Dodson v. Gary Mohr*, Case No. 21-3778 (6th Cir.2022) ("*Mohr*").

{¶ 43} 26. On October 31, 2022, the magistrate issued an order indicating that relator's June 22, 2022, motion for leave to amend his complaint to include two additional claims against the OAPA was unnecessary based upon Civ.R. 15(A); thus, the complaint was deemed amended to include these two claims.

{¶ 44} 27. On November 1, 2022, the OAPA filed a motion for leave to file an answer to relator's amended complaint, which was granted the same day.

{¶ 45} 28. On November 1, 2022, the OAPA filed a motion to dismiss relator's amended complaint or, in the alternative, judgment on the pleadings. The OAPA asserted the same grounds for dismissal as it did in its August 11, 2022, motion to dismiss.

Conclusions of Law:

{¶ 46} For the reasons that follow, it is the magistrate's decision that this court grant Judge Held Phipps's June 13, 2022, motion to dismiss relator's complaint for a writ of mandamus/procedendo; grant Magistrate Milliken's June 13, 2022, motion to dismiss the claims raised in relator's complaint for a writ of mandamus/procedendo; grant OAPA's August 11, 2022, motion to dismiss the claims raised in relator's original complaint for writ of mandamus/procedendo, except as to the request for costs; deny OAPA's November 1, 2022, motion to dismiss the claims raised by relator in his amended complaint specifically against the OAPA; deny relator's July 14, 2022, motion for emergency order directing Judge Held Phipps to refrain from directing the office of the clerk to refuse to file relator's legal documents properly delivered to the clerk's office via registered certified mail; deny relator's July 29, 2022, motion for default judgment against Judge Held Phipps for failure to timely plead, answer, or otherwise defend the claim raised in the complaint; deny relator's August 9, 2022, motion to strike the OAPA's affirmative defenses; and deny relator's August 9, 2022, motion for sanctions and objections against the OAPA .

{¶ 47} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 48} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 49} "[N]either procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 50} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 51} The doctrine of res judicata states that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman*, 73 Ohio St.3d 379 (1995), syllabus. "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶ 6, citing *Grava* at 381. Claim preclusion prevents a subsequent action, "by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* at ¶ 6. Issue preclusion prevents "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *Id.* at ¶ 7. In order to establish issue or claim preclusion, a party must show: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims or issues that were or could have been litigated in the first action; and (4) a second action

arising out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 84, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir.1997).

{¶ 52} "While the merger and bar aspects of the *res judicata* have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. * * * 'In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit.' " *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998), quoting *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 112 (1969), *overruled on other grounds*, *Grava*, at syllabus. "If the same evidence would sustain both issues, then the two issues are the same for purposes of applying collateral estoppel." *Fort Frye* at 396, citing *Norwood v. McDonald*, 142 Ohio St. 299 (1943), paragraph four of the syllabus, *overruled on other grounds*, *Grava*, at syllabus.

{¶ 53} Res judicata is usually not a proper basis for dismissal under Civ.R. 12. However, the Supreme Court of Ohio has explained that it may address a res judicata argument under Civ.R. 12(B)(6) if the defense does not depend on documents outside the pleadings. *See Jones v. Wainwright*, 162 Ohio St.3d 491, 2020-Ohio-4870, ¶ 5. *See also State ex rel. Parker v. Black*, 5th Dist. No. 2021 CA 0038, 2021-Ohio-2739, ¶ 5 (citing *Jones*).

{¶ 54} However, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining

a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). Courts may take judicial notice of appropriate matters, such as pleadings filed in other related matters, in considering a motion to dismiss for failure to state a claim without converting it to a motion for summary judgment. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12 (1996).

{¶ 55} In the present case, relator seeks an order directing Judge Held Phipps (1) to render a judgment and/or make a ruling on relator's September 1, 2021, motion for leave to file delayed motion for new trial that was filed in *Dodson I*; (2) to record and journalize the jury verdict, pursuant to R.C. 2945.78, rendered in *Dodson I* and *Dodson II* that found relator not guilty of the greater first-degree kidnapping offense based on the jury finding that relator did release the victim in a safe place unharmed, but guilty on the lesser second-degree kidnapping offense; (3) to comply with the notice/service requirement contained in Civ.R. 58(B), with regard to the decisions rendered on all pending motions related to relator's September 1, 2021, motion for leave to file delayed motion for new trial; and (4) to pay the filing fees and other additional costs associated with the filing of these pleadings.

{¶ 56} With regard to his first claim in relator's complaint, Judge Held Phipps denied relator's September 1, 2021, motion for leave to file delayed motion for new trial in *Dodson I* on June 9, 2022. Because neither procedendo nor mandamus will compel the performance of a duty that has already been performed, Judge Held Phipps is entitled to dismissal of this claim.

{¶ 57} With regard to the second claim in relator's complaint, relator filed April 12, 2022, motions in both *Dodson I* and *II* requesting the exact same relief as raised in his second claim herein. The trial court denied the motions, and this court dismissed relator's subsequent appeals from the trial court's denials as untimely in Case Nos. 22AP-297 and 22AP-299 on May 26, 2022. This court then subsequently denied relator's applications to reconsider our dismissals. Mandamus will not lie where there is an adequate remedy in the ordinary course of the law. Here, not only was there an adequate remedy at law, but relator fully pursued those remedies, although he was ultimately unsuccessful. Therefore, Judge Held Phipps is entitled to dismissal of this claim.

{¶ 58} With regard to the third claim in relator's complaint, relator seeks an order from this court directing Judge Held Phipps to include Civ.R. 58(B) language in a decision rendered on all pending motions related to relator's September 1, 2021, motion for leave to file delayed motion for new trial. However, relator's writ of mandamus seeks to compel compliance with Civ.R. 58(B) by Judge Held Phipps in the future. A writ of mandamus will not issue to compel the general observance of laws in the future. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 39, quoting *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 409 (1998). Although Judge Held Phipps has now filed a decision on relator's September 1, 2021, motion subsequent to relator's filing of his mandamus action, mandamus would still not issue on this claim because: (1) insofar as relator may be seeking a writ in mandamus ordering Judge Held Phipps to serve the parties pursuant to Civ.R. 58(B), that rule imposes the duty of serving the parties upon the clerk of courts, *see, e.g., State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, ¶ 5-6; and (2) insofar as relator may be seeking a writ in mandamus compelling Judge Held Phipps to direct the clerk of courts to serve the judgment entry, as Civ.R. 58(B) requires, any lack of service by the clerk under Civ.R. 58(B) is of no benefit to relator at this point, and the court need not grant extraordinary relief in mandamus when relator would receive no benefit from such an order. *Id.* at ¶ 6-9. The trial court indicated in its June 9, 2022, entry that a copy of the decision was mailed to relator, and relator has already filed an appeal of that entry in *State v. Dodson*, 10th Dist. No. 22AP-388, which remains pending. Therefore, Judge Held Phipps is entitled to dismissal of this claim.

{¶ 59} With regard to relator's fourth claim, relator's claims against Judge Held Phipps have been dismissed, and relator fails to explain why he is entitled to the filing fees and other additional costs associated with the filing of his pleadings. Therefore, Judge Held Phipps is entitled to dismissal of this claim.

{¶ 60} In his complaint, relator also seeks an order from this court ordering Magistrate Milliken to: (1) render a judgment and/or make a ruling on relator's pending August 27, 2021, motion to amend the December 18, 1992, judgment-order, filed in *Mills*; and (2) comply with the notice requirement contained in Civ.R. 58(B), with regard to the

decisions rendered on all pending motions relating to the August 27, 2021, motion to amend the December 18, 1992, judgment-order, filed in *Mills*.

{¶ 61} With regard to relator's first claim, Magistrate Milliken denied relator's August 27, 2021, motion to amend on June 5, 2022. Because neither procedendo nor mandamus will compel the performance of a duty that has already been performed, Magistrate Milliken is entitled to dismissal of this claim.

{¶ 62} With regard to relator's second claim, relator seeks an order from this court directing Magistrate Milliken to include Civ.R. 58(B) language in the decisions rendered on all pending motions relating to the August 27, 2021, motion to amend the December 18, 1992, judgment-order, filed in *Mills*. However, relator's writ of mandamus seeks to compel compliance with Civ.R. 58(B) by Magistrate Milliken in the future. A writ of mandamus will not issue to compel the general observance of laws in the future. *Am. Civ. Liberties Union of Ohio, Inc.* at ¶ 39, quoting *Kirk* at 409. Although Magistrate Milliken has filed a decision on relator's August 7, 2021, motion subsequent to relator's filing of his mandamus action, mandamus would still not issue on this claim because Magistrate Milliken's June 5, 2022, magistrate's decision was adopted by the trial court the same day, and the trial court's judgment entry, to which was appended to the magistrate's decision, included Civ.R. 58(B) language instructing the clerk to serve all parties. The record in *Mills* also establishes that the clerk of courts served relator with the judgment entry and magistrate's decision on June 8, 2022. No appeal from that judgment has been filed. Therefore, Magistrate Milliken is entitled to dismissal of this claim.

{¶ 63} In his complaint, relator also seeks in mandamus an order from this court ordering OAPA to provide a meaningful parole hearing by: (1) correcting and removing inaccurate information in his parole records that was considered when determining his eligibility for parole and used to deny parole pursuant to *Keith*, 2014-Ohio-4270 (including the parole board information and decision sheet; the decision and minutes sheet, which inaccurately indicates the victim was not released in a safe place unharmed and that she escaped with injuries where the jury verdict found that relator did release the victim in a safe place unharmed; and the decision and minutes sheet during the parole hearings that inaccurately fail to note that relator had engaged in risk relevant programming); and

(2) excluding the inaccurate information in a new parole hearing. Relator also seeks an order compelling OAPA to pay the costs in this action.

{¶ 64} In the two amendments to his complaint, relator seeks to include the following two new claims against the OAPA: (1) the OAPA denied relator meaningful consideration for parole when it improperly utilized and applied the Ohio Risk Assessment System instrument in determining suitability for parole; and (2) the OAPA denied relator fair and meaningful consideration for parole during the May 17, 2021, hearing, when it considered S.B. 2 consecutive sentencing parity pursuant to R.C. 2971.01 and retroactively applied the equivalent sentence range under S.B. 2's R.C. 2971.03 in violation of Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 65} As for the issues raised in relator's original complaint, the magistrate finds they are barred in this action by the doctrine of res judicata. In *Mohr*, relator brought an action under 42 U.S.C. 1983 against a number of defendants associated with the Ohio Department of Rehabilitation and Correction ("ODRC") and OAPA. The case concerned the same two underlying criminal cases that are the subject of the current mandamus action and his action centered on his parole proceedings, including whether he had a fair and meaningful parole hearing, whether he was denied due process in his parole hearing, and the denial of parole. In affirming the report and recommendation of the magistrate judge's granting summary judgment to the defendants, the Sixth Circuit court found on appeal, as pertinent to the present matter: (1) the defendants were fully candid with relator as to the grounds for their denial of parole in the minutes sheet; (2) the minutes sheet fully discussed the grounds for denial of parole, including relator's elevated risk for reoffending due to the aggravating case-specific factors of violence, brutality, multiple occurrences, multiple victims, and extensive victimization, while acknowledging that relator has completed some relevant programs to address his risk factors for re-offending; (3) relator was informed of the basis upon which he was denied parole, in satisfaction of his due process rights; (4) the OAPA board's determination complied with *Keith*, in that relator had not made credible allegations, supported by evidence, that any information in his parole record was inaccurate, or that defendants knew or should have known that any such information was inaccurate, including information related to the victim's intellectual disability; the paternity

of the victim's child; the victim's statements; relator's purported domestic-violence conviction; the factors of violence, brutality, and extensive victimization of the crimes he committed; his past convictions; and his termination from the comprehensive sex-offender program; (5) the OAPA need not conduct an extensive investigation into the information it reviews for every prisoner to ensure accuracy, or credit every unsupported allegation by a prisoner that the information is correct; (6) relator failed to put forth credible allegations, supported by evidence, of inaccuracies in his parole record; (7) the OAPA has a duty to exclude known inaccuracies from consideration; and (8) relator's thickheaded soliloquy demonstrating a failure to acknowledge that his crimes were indeed violent and brutal is jarring and unpersuasive, insofar as relator failed to acknowledge that his talk of killing the victim was not violent or brutal, failed to acknowledge that his attempt to throw the victim out of a window was not brutal, failed to acknowledge that his forced vaginal intercourse was not violent or brutal, and he rationalized that he did not beat the victim, cause any physical harm, or cause a hospital stay, but, instead, only forced intercourse on the victim.

{¶ 66} The issues raised by relator in the present case are the same as the issues raised and addressed in the findings made in *Mohr*. The court in *Mohr* addressed relator's claims relating to the information contained in his parole records and parole board decision sheet, the application of *Keith*, relator's participation in relevant programs to address his risk factors for re-offending, and the injuries and harm caused to the victim. The court in *Mohr* ruled that the defendants, including the OAPA, fully discussed the grounds for denial of parole, informed relator of the basis upon which he was denied parole, complied with *Keith*, did not know that any information in the records was inaccurate, need not conduct an extensive investigation on the information, and had a duty to exclude known inaccuracies from consideration. Therefore, because the contentions raised by relator in his original mandamus complaint were already analyzed and determined by the court in *Mohr*, res judicata precludes relator from raising them again in this mandamus action.

{¶ 67} As for the two additional claims raised in relator's amended mandamus complaint specifically against the OAPA, the OAPA's motion to dismiss filed in response to these additional claims is the same motion to dismiss filed in response to the claims in the original complaint. Although the arguments contained in these motions to dismiss apply to the claims in the original complaint, as addressed above, they do not appear to apply to the

two additional amended claims, which relate to the improper utilization of the Ohio Risk Assessment System instrument in unspecified parole hearings, and the improper application of Senate Bill 2 to his May 17, 2021, parole hearing. Because the OAPA's second motion to dismiss fails to specifically address the two additional claims, the OAPA's motion to dismiss the two additional claims is denied.

**{¶ 68}** With regard to relator's claim in his original mandamus complaint seeking to compel OAPA to pay the costs of this action, the magistrate will not address that claim at this juncture, given relator's action remains pending with regard to the two additional claims raised in his amendment to the complaint.

**{¶ 69}** Finally, the magistrate denies the following motions filed by relator: (1) the July 14, 2022, motion for emergency order directing Judge Held Phipps to refrain from directing the office of the clerk to refuse to file relator's legal documents properly delivered to the clerk's office via registered certified mail; (2) the July 29, 2022, motion for default judgment against Judge Held Phipps for failure to timely plead, answer, or otherwise defend the claim raised in the complaint; (3) the August 9, 2022, motion to strike the OAPA's affirmative defenses; and (4) the August 9, 2022, motion for sanctions and objections against the OAPA.

**{¶ 70}** Accordingly, the magistrate recommends that this court grant Judge Held Phipps's June 13, 2022, motion to dismiss relator's complaint for a writ of mandamus/procedendo; grant Magistrate Milliken's June 13, 2022, motion to dismiss the claims raised in relator's complaint for a writ of mandamus/procedendo; grant OAPA's August 11, 2022, motion to dismiss the claims raised in relator's original complaint for writ of mandamus/procedendo, except as to the request for costs; deny OAPA's November 1, 2022, motion to dismiss the claims raised by relator in his amended mandamus complaint specifically against the OAPA; deny relator's July 14, 2022, motion for emergency order directing Judge Held Phipps to refrain from directing the office of the clerk to refuse to file relator's legal documents properly delivered to the clerk's office via registered certified mail; deny relator's July 29, 2022, motion for default judgment against Judge Held Phipps for failure to timely plead, answer, or otherwise defend the claim raised in the complaint; deny relator's August 9, 2022, motion to strike the OAPA's affirmative defenses; and deny relator's August 9, 2022, motion for sanctions and objections against the OAPA.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as
error on appeal the court's adoption of any factual finding or
legal conclusion, whether or not specifically designated as a
finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii),
unless the party timely and specifically objects to that factual
finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

**APPENDIX B**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Ricardo Dodson,          :

            Relator,                   :

v.                                     :                    No.  22AP-304

Karen Held Phipps, Judge et al.,       :               (REGULAR CALENDAR)

            Respondents.               :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 19, 2023

---

*Ricardo Dodson*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Brandon Coy Hendrix,* for respondents Judge Karen Held Phipps and Bosques Milliken.

*Dave Yost,* Attorney General, and *John H. Bates,* for respondent Ohio Adult Parole Authority.

---

IN MANDAMUS/PROCEDENDO
ON RESPONDENT OAPA'S MOTION FOR
SUMMARY JUDGMENT

{¶ 71} Relator, Ricardo Dodson, has filed this original action seeking a writ of mandamus/procedendo, naming the Honorable Judge Karen Held Phipps ("Judge Held Phipps") The Honorable Magistrate Bosques Milliken ("Magistrate Milliken"), and the Ohio Adult Parole Authority ("OAPA") as respondents.

{¶ 72} In a June 22, 2022, amended complaint, relator added the following additional claims against the OAPA: (1) the OAPA denied relator meaningful consideration for parole when it improperly utilized and applied the Ohio Risk Assessment System ("ORAS") instrument in determining suitability for parole because (a) ORAS is not applicable to sex offenders, and (b) ORAS is inapplicable to inmates who have already been incarcerated for long terms; and (2) the OAPA denied relator a fair and meaningful consideration for parole during the May 17, 2021, hearing, when it considered Senate Bill No. 2 ("S.B. 2") consecutive-sentencing parity pursuant to R.C. 2971.01 and retroactively applied the equivalent sentence range under S.B. 2's R.C. 2971.03 in violation of the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 73} This court previously granted respondents' motions to dismiss pursuant to Civ.R. 12(B)(6) on all of the claims raised against respondents in the original complaint but denied OAPA's motion to dismiss with regard to the additional claims relator raised in his amended complaint.

{¶ 74} OAPA has now filed a January 19, 2023, motion for summary judgment on the two additional claims raised in relator's amended complaint.

Findings of Fact:

{¶ 75} 1. Relator is a prisoner who was incarcerated at Southeastern Correctional Institution in Lancaster, Ohio, at the time he filed this mandamus/procedendo action.

{¶ 76} 2. Judge Held Phipps is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio.

{¶ 77} 3. Magistrate Milliken is a public official serving as a magistrate in the Franklin County Court of Common Pleas, Ohio.

{¶ 78} 4. OAPA is a governmental agency responsible for, among other things, the release of criminal offenders from prison.

{¶ 79} 5. As noted in the conclusions of law below, the magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. The present case involves a multitude of court cases involving relator encompassing over 30 years of litigation,

including an extraordinary number of post-conviction motions, trial court decisions, and appellate decisions, both state and federal. Unless otherwise noted as being sourced from relator's current complaint for writ of mandamus/procedendo, the following relevant facts are culled from the various pleadings, orders, and decisions filed in all the related trial court and appellate cases over the past 30 years, all readily available via internet sources.

{¶ 80}  6. In his complaint, relator alleges the following. In *State v. Dodson*, Franklin C.P. No. 90CR-5725, he was indicted on one count of first-degree rape, and one count of first-degree kidnapping. A jury returned a not-guilty verdict on the greater first-degree kidnapping count but guilty of the lesser second-degree kidnapping offense, where the jury found he released the victim in a safe place unharmed. The jury found him guilty of one count of rape. The trial court issued a sentencing entry on September 9, 1991, but the entry did not mention the not-guilty verdict on the first-degree kidnapping count and did not provide the fact regarding the second-degree kidnapping conviction for which he was not indicted. After sentencing, relator appealed, and this court affirmed the conviction and sentencing in *State v. Dodson*, 10th Dist. No. 91AP-498 (Oct. 31, 1991).

{¶ 81}  7. In his complaint, relator alleges the following. In *State v. Dodson*, Franklin C.P. No. 90CR-5678B, on September 7, 1990, a Franklin County grand jury indicted relator on three first-degree counts of rape, one count of second-degree rape, and one count of first-degree kidnapping. On March 18, 1991, a jury returned a not-guilty verdict on the greater first-degree kidnapping count where the jury found he did release the victim in a safe place unharmed. However, the jury did find him guilty of second-degree kidnapping and guilty on all remaining counts. The trial court issued a sentencing entry on September 9, 1991, in which the court failed to mention the not-guilty verdict rendered on the first-degree kidnapping conviction for which he was not indicted.

{¶ 82}  8. In his complaint, relator alleges he has appeared before the Ohio Parole Board eight times and was denied parole on each occasion.

{¶ 83}  9. On May 24, 2022, relator filed the current complaint in mandamus/procedendo with this court.

{¶ 84}  10. On June 22, 2022, relator filed a motion for leave to amend his complaint to include the following two new claims solely against the OAPA: (1) the OAPA denied relator meaningful consideration for parole when it improperly utilized and applied the

ORAS instrument in determining suitability for parole because (a) ORAS is not applicable to sex offenders, and (b) ORAS is inapplicable to inmates who have already been incarcerated for long terms; and (2) the OAPA denied relator a fair and meaningful consideration for parole during the May 17, 2021, hearing, when it considered S.B. 2 consecutive-sentencing parity pursuant to R.C. 2971.01 and retroactively applied the equivalent sentence range under S.B. 2's R.C. 2971.03 in violation of the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 85} 11. In *State ex rel. Ricardo Dodson v. Karen Held Phipps, Judge et al.*, 10th Dist. No. 22AP-304 (Nov.22, 2022) (magistrate's decision), this court dismissed all claims raised by relator against all parties in his original complaint. However, we denied OAPA's motion to dismiss as to the additional claims raised by relator in his amended complaint.

{¶ 86} 12. On January 19, 2023, OAPA filed a motion for summary judgment with regard to the two additional claims raised by relator in his amended complaint.

Conclusions of Law:

{¶ 87} For the reasons that follow, it is the magistrate's decision that this court grant OAPA's motion for summary judgment.

{¶ 88} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 89} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 90} A court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 91} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

{¶ 92} In 2001, the General Assembly enacted R.C. 5120.114(A), which, in pertinent part, provides: "The department of rehabilitation and correction shall select a single validated risk assessment tool for adult offenders." The assessment tool must be used by, in addition to others, state and local correctional institutions, private correctional facilities, community-based correctional facilities, the adult parole authority, and the parole board. *Id.* ODRC selected the ORAS. Ohio Adm.Code 5120-13-01(B). ORAS was created by the University of Cincinnati's Center for Criminal Justice Research as the single validated risk assessment tool to be used to assess an adult offender's risk of reoffending and to assess the offender's rehabilitative needs. Ohio Adm.Code 5120-13-01(A) and (B).

{¶ 93} S.B. 2 established truth-in-sentencing laws to ensure that sentences imposed by trial judges were the sentences served, unless altered by the judge. *State v. Shelor*, 6th Dist. No. F-21-011, 2022-Ohio-2613, ¶ 28. This was primarily accomplished by eliminating indefinite sentences and eliminating parole. *Id.* Before S.B. 2, offenders rarely served the time to which they were actually sentenced because (1) indefinite sentences were prescribed for most serious felonies; (2) upon entering a correctional institution, an offender's sentence was automatically reduced by 30 percent for good behavior; and (3) the parole board reviewed all prison sentences for disparity among offenders and attempted to abate inequities. *Id.,* citing *Woods v. Telb*, 89 Ohio St.3d 504, 508 (2000). Under S.B. 2, offenders were sentenced to definite sentences, good time was significantly reduced and had to be earned, and the parole board no longer had authority to determine how long an offender stayed in prison. *Id.* Instead of parole, S.B. 2 introduced "post-release control," which is similar to parole. *Id.* at ¶ 29. Under the parole system, a sentencing court imposed an indefinite sentence with the possibility of parole. *Id.* at ¶ 32. It could control the maximum length of the prison sentence, but had no power over when parole might be granted or what conditions of parole would be imposed. *Id.* Similarly, under post-release control, the sentencing court imposes a sentence from the options available under the sentencing scheme, informs the offender that he or she may be subject to a period of post-release control, and advises him or her of the consequences of a violation of the conditions of post-release control. *Id.*

{¶ 94} Under the Ex Post Facto Clause found in Section 10, Article I of the United States Constitution, " '[e]very law that changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed' " is barred. *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, ¶ 50, quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798). The Ex Post Facto Clause does not forbid every "legislative change that has any conceivable risk of affecting a prisoner's punishment." *California Dept. of Corr. v. Morales*, 514 U.S. 499, 508 (1995); *Greene v. Ohio Adult Parole Auth.*, 10th Dist. No. 08AP-555, 2008-Ohio-5972, ¶ 14. "Instead, to determine whether a law is prohibited, we ask whether the change 'produce[d] a sufficient risk of increasing the measure of punishment attached to the covered crimes.' " *Greene* at ¶ 14, quoting *Morales* at 509. Retroactive

changes to parole regulations may, in some cases, violate the Ex Post Facto Clause. *Garner v. Jones*, 529 U.S. 244 (2000).

**{¶ 95}** In the present case, in the two amendments to his complaint, relator seeks to include the following two new claims against the OAPA: (1) the OAPA denied relator meaningful consideration for parole when it improperly utilized and applied the ORAS instrument in determining suitability for parole because (a) ORAS is not applicable to sex offenders, and (b) ORAS is inapplicable to inmates who have already been incarcerated for long terms; and (2) the OAPA denied relator a fair and meaningful consideration for parole during the May 17, 2021, hearing, when it considered S.B. 2 consecutive-sentencing parity pursuant to R.C. 2971.01 and retroactively applied the equivalent sentence range under S.B. 2's R.C. 2971.03 in violation of the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

**{¶ 96}** In its motion for summary judgment, OAPA asserts it is entitled to summary judgment on the two claims in relator's amended complaint because: (1) relator had an adequate remedy at law by way of a request for reconsideration of any of the OAPA's parole determinations pursuant to ODRC Policy No. 105-PBD-04; (2) ORAS applies to all incarcerated inmates, including sex offenders, and it was properly utilized and applied pursuant to Ohio Adm.Code 5120:1-1-07(B)(1); and (3) relator's claim regarding S.B. 2, consecutive-sentencing parity, and retroactivity is nonsensical and confusing, because the board does not recalculate an inmate's sentence or increase the sentence; it is the trial court that sentences a criminal defendant.

**{¶ 97}** As for OAPA's first argument, the magistrate finds that relator did not have an adequate remedy at law by way of a request for reconsideration of the OAPA's parole determinations pursuant to ODRC Policy No. 105-PBD-04, which provides for requests for reconsideration to parole board actions. It is true that the failure to pursue an adequate administrative remedy bars mandamus. *See State ex rel. Kevin O'Brien & Assocs. Co., L.P.A. v. Tyack*, 10th Dist. No. 13AP-1099, 2014-Ohio-3048, ¶ 25, citing *State ex rel. Reeves v. Indus. Comm.*, 53 Ohio St.3d 212 (1990). However, a mere policy or resolution permitting reconsideration of an administrative decision is not an adequate remedy at law. *See State ex rel. Novak v. Indus. Comm.*, 10th Dist. No. 92AP-1326 (Nov. 12, 1993) (rejecting respondent's argument that relator has failed to exhaust the remedy of rehearing

contained in the Industrial Commission of Ohio's resolution R92-1-3 Section (D)(1)(b)). The provision for rehearing or reconsideration by the administrative agency must be made by statute or regulatory rule promulgated by R.C. 119. *Id.* A resolution that is not promulgated pursuant to R.C. Chapter 119 does not have the same stature as a legally binding statute or administrative rule. *Id. See also State ex rel. Dillon v. Indus. Comm.*, 10th Dist. No. 20AP-600, 2022-Ohio-4773, ¶ 12 (there is no legal authority to support the contention that, in order to exhaust all administrative remedies, a party must file a request for reconsideration with the commission before filing a mandamus action, citing *Novak*); *State ex rel. Lapp Roofing & Sheet Metal Co. v. Indus. Comm.*, 10th Dist. No. 05AP-950, 2007-Ohio-933, ¶ 10-11 (there is no legal authority to support the contention that a party to a workers' compensation claim must file a request for reconsideration pursuant to an Industrial Commission of Ohio's resolution before filing a mandamus action, citing *Novak*). In the present case, OAPA points to no statute or rule permitting reconsideration of an OAPA parole determination and only presents an ORDC policy that permits reconsideration. Therefore, the magistrate concludes that ODRC Policy No. 105-PBD-04 did not provide relator an adequate remedy at law.

**{¶ 98}** OAPA next argues that it is entitled to summary judgment because there is no question of law that ORAS applies to all incarcerated inmates, including sex offenders, and it was properly utilized and applied pursuant to Ohio Adm.Code 5120:1-1-07(B)(1). Relator claims that OAPA is not permitted to consider ORAS in determining parole suitability because none of the seven categories contained therein pertain to sex offenses, relying upon *State v. Snider*, 4th Dist. No. 20CA5, 2021-Ohio-348, citing *State v. Saylor*, 2d Dist. No. 2018-CA-14, 2019-Ohio-1025. In *Snider*, the Fourth District Court of Appeals rejected the argument that the trial court improperly discounted an appellant's ORAS score, which predicted that the appellant's possibility of recidivism was low. The court found that, "none of the seven categories that ORAS assesses pertain to sex offenses," citing *Saylor* and noting the seven ORAS categories are criminal history, education, employment and financial situation, family and social support, neighborhood problems, substance use, peer associations, and criminal attitudes and behavioral patterns. *Id.* at ¶ 24. The trial court in *Snider* "acknowledged Appellant's ORAS score, but found that 'it was not set up for sex offenders,' and found it 'not to be accurate.' The trial court went on to find that Appellant's risk of reoffending is actually very high.' " *Id.* at ¶ 26. The court in *Snider* further found that:

> Because courts, including this one, have recognized ORAS is
> not a litmus test for sentencing, let alone specifically intended
> to assess sexual offenders, and Appellant was involved in a
> course of conduct in sexually abusing minor victims, we find
> that the trial court's decision to not consider Appellant's
> ORAS score as a factor in Appellant's sentencing was not
> unreasonable, arbitrary or capricious. Accordingly, we hold
> that the trial court did not abuse its discretion in discounting
> Appellant's ORAS score.

*Id*. at ¶ 27.

{¶ 99} Initially, the magistrate notes the findings and conclusions in *Snider* by the Fourth District Court of Appeals are not binding on this court. Nevertheless, the court in *Snider* did not conclude that the OAPA denies an offender meaningful consideration for parole when it uses the offender's ORAS score to assess the offender's risk of reoffending when making the parole determination, which is relator's argument here. Furthermore, the opinion of the trial and appellate courts in *Snider* was that ORAS was not accurate for sex offenders because it understated a sex offender's risk of reoffending, which is a different argument than relator presents in the present case. In addition, as OAPA points out, ORAS applies to all incarcerated inmates, including sex offenders, pursuant to Ohio Adm.Code 5120:1-1-07. *See State ex rel. Semenchuk v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-361, 2019-Ohio-4641, ¶ 21 (the parole board must consider available ORAS information in its evaluation of whether to parole an inmate). Although some courts, such as the court in *Snider*, have questioned the applicability of ORAS to sex offenders, *see also State v. Garcia*, 11th Dist. No. 2020-A-0034, 2021-Ohio-4480, ¶ 52, citing *Snider* (a defendant's ORAS score is only a factor, one of limited applicability to sexual offenders, for the court to consider in fashioning a sentence), relator can point to no authority that OAPA had a clear legal duty not to apply ORAS to him in making a parole determination or that to apply ORAS to a sex offender in a parole determination denies the offender of meaningful parole consideration. Also, as the court in *Snider* and *Garcia* acknowledged, ORAS is merely one factor in assessing an offender's risk. Here, the OAPA also found in his 2021 parole hearing that relator lacked a risk-management plan specific to his sexual reoffending and he had an escalating history of violence specific to women. In his 2018 parole hearing, the OAPA found that his elevated risk of reoffending was aggravated by case-specific factors, such as

violence, brutality, multiple occurrences, multiple victims, and extensive victimization. For these reasons, OAPA is entitled to judgment as a matter of law on this claim.

{¶ 100} In his amended complaint, relator also asserts that OAPA denied him meaningful parole consideration when it improperly utilized and applied ORAS because ORAS is inapplicable to inmates who have already been incarcerated for long terms. However, in neither relator's amended complaint nor relator's reply brief in opposition to summary judgment does relator present any argument or authority for this ground for relief. A non-moving party may not rest upon the mere allegations or denials of its pleadings. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Here, the magistrate finds no legal authority to support relator's contention that the OAPA has a clear legal duty not to apply ORAS in making a parole determination when the offender has already been incarcerated for a long term. OAPA is entitled to judgment as a matter of law on this claim.

{¶ 101} OAPA next argues that it is entitled to summary judgment on relator's claim that it denied relator meaningful parole consideration when it considered S.B. 2 consecutive-sentencing parity, pursuant to R.C. 2971.01, which provides for sentencing of sexually violent predators, and retroactively applied the equivalent sentencing range under S.B. 2's R.C. 2971.03 in violation of the Ex Post Facto Clause of the United States Constitution and Retroactivity Clause of the Ohio Constitution. OAPA asserts that this claim is nonsensical and confusing. OAPA contends that the parole board does consider sentencing parity in its review of parole-release hearings pursuant to Ohio Adm.Code 5120:1-1-07(16), but the parole board does not recalculate an inmate's sentence or increase the sentence. OAPA claims that the parole board cannot violate the Ex Post Facto Clause because it is the trial court that sentences a criminal defendant and not OAPA. OAPA points out that relator is still serving an indeterminate sentence of 15 years to 130 years, with his maximum expiration of sentence being October 9, 2120, and the OAPA's parole determinations have no effect on the original sentence.

{¶ 102} On this claim, relator argues the following: (1) he is entitled to a writ of mandamus based on *State v. Rush*, 83 Ohio St.3d 53 (1998), in which the Supreme Court of Ohio held that the amended sentencing provisions of S.B. 2 apply only to crimes committed on or after July 1, 1996; (2) OAPA has acknowledged in other cases that the parole board does not consider S.B. 2 sentencing parity pursuant to Ohio Adm.Code 5120:1-

1-7 when the S.B. 2 equivalent sentence would be longer than the original sentence imposed; yet, in this case, OAPA now admits that the OAPA does consider S.B. 2 sentencing parity in its review of parole-release hearings and did, in fact, indicate in denying parole at his May 2021 hearing that it considered S.B. 2 parity and the fact that relator was given consecutive sentences by the court; (3) pursuant to pre-S.B. 2 R.C. 2967.13, he was statutorily eligible for parole after serving ten years; yet, OAPA considered S.B. 2 consecutive-sentencing parity and applied the equivalent consecutive-sentencing range under S.B. 2, while ignoring the statutory sentences enacted by the legislature pre-S.B. 2; (4) under S.B. 2 consecutive-sentencing range, he would not be statutorily eligible for parole until after serving approximately 56 years; (5) OAPA's actions imposed an additional punishment that what was prescribed at the time of the offense, thereby constituting an ex post facto violation; and (6) OAPA has effectively extended the length of time he must serve before becoming statutorily eligible for parole when it applied S.B. 2 consecutive-sentencing statutes and applied the equivalent sentencing range under S.B. 2 consecutive-sentencing statutes, contrary to *Garner v. Jones*, 529 U.S. 244, 255 (2000).

{¶ 103} After a review of relator's amended complaint and his arguments, the magistrate finds relator has failed to demonstrate that he has a clear legal right to the relief requested. Despite citations to authority for some general propositions, he does not present any controlling legal authority for his main contention that OAPA is prohibited from considering S.B. 2 consecutive-sentencing parity pursuant to R.C. 2971.01 or applying the equivalent sentence range under S.B. 2's R.C. 2971.03 for an offender whose crimes were committed before July 1, 1996. In *State v. Caslin*, 10th Dist. No. 98AP-463 (Sept. 29, 1998), the defendant argued that S.B. 2 unconstitutionally affected his parole hearings. This court found there is no constitutional, statutory, or inherent right to parole, citing *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 125 (1994), and *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). We also found that application of S.B. 2 to parole does not make the defendant's punishment more burdensome for the crime of which he was convicted, and it does not deprive him of any defense available according to the law in effect at the time that he committed the crime. We explained that there is no change to the defendant's imposed sentence under the prospectively applied parole guidelines but merely a change in OAPA's consideration of parole eligibility. *See also Harris v. Wilkinson*, 10th Dist. No. 01AP-598 (Nov. 27, 2001), quoting *Akbar-El v. Wilkinson*, S.D.Ohio No. C2-95-

472 (Apr. 28, 1998), *aff'd* 181 F.3d 99 (6th Cir.1999) (finding that parole is a discretionary decision, and a state may constitutionally add or delete factors that guide the parole board's exercise of its discretion without running afoul of the Constitution). In the present case, OAPA did not change or increase relator's original sentence imposed by the trial court. Relator's sentence remained the same, and he has no right to parole before the expiration of that term.

{¶ 104} Furthermore, with regard to relator's reliance upon *Rush*, the court in that case held that legislation violates the Ex Post Facto Clause if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed. However, relator's ex post facto challenge here does not assert that any law, legislation, or rule adopted in accordance with statutory procedure increased his punishment. Relator complains only of OAPA's discretionary decision-making pursuant to its own policy in determining his parole. Because relator raises no legislative enactment, the Ex Post Facto Clause does not apply here. *See Muhammad v. Kinkela*, 10th Dist. No. 00AP-525 (Dec. 21, 2000) (parole guidelines are not legislative enactments, nor adopted in accordance with statutory procedure for adopting rules; therefore, the ex post facto clause does not apply to them).

{¶ 105} In addition, relator does cite to any existing parole statute that OAPA violated in making its parole determination. Although the parole board indicated that it considered, among other things, sentencing parity and the fact that the trial court ordered consecutive sentences in determining parole, it did not indicate that he was not statutorily eligible for parole in any way that conflicted with a statutory parole legislation. *See Muhammad* (although the parole board is granted discretion in granting parole, it does not grant discretion to the parole board to set an inmate's parole eligibility outside the statutory limit set forth in R.C. 2967.13(G); the intent of the legislature was to require the parole authority to consider a prisoner at the time he statutorily becomes eligible for parole).

{¶ 106} Therefore, even taking relator's factual assertions in his amended complaint as true, OAPA is entitled to judgment as a matter of law. Relator presents no legal authority to support his allegation that the OAPA denied him fair and meaningful consideration for parole during the May 17, 2021, hearing, in its application of S.B. 2 to his parole proceedings.

**{¶ 107}** Accordingly, the magistrate recommends that this court grant the motion for summary judgment as to the two additional claims raised by relator in his amended mandamus complaint specifically against the OAPA. Given this disposition of OAPA's motion for summary judgment, all other pending motions are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.